IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MARIO DUNCAN; | ) | |
| Plaintiff, | ) | Civil Action No. 07 - 1127 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| KEVIN MCCAUSLAND, Parole Officer; | ) | |
| and GLEN HOGE, District Supervisor, | | |
| Defendants | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.        **RECOMMENDATION**

It is respectfully recommended that the this action be dismissed for failure to prosecute.

II.        **REPORT**

This case was initiated by the filing of a Complaint on August 17, 2007 (doc. no. 1) and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On April 3, 2008, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. no. 15).  On April 7, 2008, I ordered Plaintiff to file a response to Defendants' Motion no later than May 15, 2008.  No response or request for an extension has been filed.  After Plaintiff failed to comply with this Order, I issued an Order on September 16, 2008, requiring Plaintiff to show cause no later than October 31, 2008, why his case should not be dismissed for failure to prosecute.  The Order further informed Plaintiff that his failure to respond by October 31, 2008, would result in a recommendation for dismissal of this case (doc. no. 18).

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court.  <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429 (3d Cir.

1990).  "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct.  Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction."  <u>Id.</u>

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the <u>party's</u> personal <u>responsibility</u>; (2) the <u>prejudice</u> to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a <u>history</u> of dilatoriness; (4) whether the conduct of the party or attorney was <u>willful</u> or in <u>bad faith</u>; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of <u>alternative sanctions</u>; and (6) the <u>meritoriousness</u> of the claim or defense.

<u>Id.</u>, at 868.  These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted.  <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).  Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter <u>pro se</u>.  There is no indication that he failed to receive the orders set forth above.  The responsibility for his failure to respond to this Court's orders is Plaintiff's alone.

(2) Prejudice to the adversary.

In <u>Poulis</u>, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories.  In this case, Defendants have filed a Motion to Dismiss.  Accordingly, have suffered specific prejudice.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders of April 7, 2008 and September 16, 2008. This is sufficient evidence, in the court's view, to indicate that plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that plaintiff's failure was the result of any "excusable neglect", Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness.

Plaintiff seeks liability against Defendants on the basis of an illegal detainer. The court does not have sufficient information to weigh the meritoriousness of this claim. Thus, this factor is neutral.

Five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: November 5, 2008

cc:     Nora Barry Fischer
        United States District Judge

        DAVID MARIO DUNCAN
        18 5th Avenue
        Ford City, PA 16226